UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>ASHRAF MUFAREH AND ONPASSIVE LLC a/k/a Gofounders and Ofounders,<br><br>    Defendants, and<br><br>ASMAHAN MUFAREH<br><br>    Relief Defendant. | No. 6:23-cv-01539-PGB-RMN |

## Uniform Case Management Report

**1. Date and Attendees**

The parties conducted the planning conference on September 15, 2023. The following counsel attended the conference:

Plaintiff:       Michael J. Friedman and Gregory N. Miller
Defendants:   Christopher Garcia, Alexis K. Godfrey, and William O. Reckler

**2. Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 10/13/2023 |
| Deadline for Defendants to file motion to dismiss or otherwise respond to the Complaint. | 10/16/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/20/2023 |

| | |
|---|---|
| Deadline for the SEC to respond to Defendants' motion to dismiss, not to exceed thirty (30) pages. | 11/15/2023 |
| Deadline for Defendants to reply to the SEC's response to the Defendant's motion to dismiss, not to exceed seven (7) pages. | 11/29/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 8/7/2024 |
| Defendant | 8/7/2024 |
| Rebuttal (for both Plaintiff and Defendant) | 10/8/2024 |
| Deadline for completing fact discovery and filing any motion to compel fact discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021).[1] | 7/3/2024 |
| Deadline for completing preliminary expert depositions and for filing any motion to compel expert discovery (seven hours each). | 9/25/2024 |
| Deadline for completing supplemental expert depositions (two hours each). | 10/22/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/22/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties have not yet selected a mediator, but agree to do so by February 29, 2024 . | 5/24/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 12/18/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local | 2/12/2025 |

---

[1] The discovery deadline contemplates that depositions will be taken in India, which may require requests for this Court to issue Letters Rogatory to the Indian Central Authority—the Ministry of Law and Justice. OnPassive LLC will take all necessary steps to obviate the need for Letters Rogatory, including by making employees available for depositions to the extent possible. As such, the fact discovery deadline may need to be extended.

2

| | |
|---|---|
| Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/19/2025 |
| Month and year of the trial term. | 3//2025 |

The trial will last approximately **15** days and be

☒  jury.

☐  non-jury.

3.  **Description of the Action**

This is a civil injunctive action against ONPASSIVE LLC ("ONPASSIVE" or the "Company") and its Chief Executive Officer, Ashraf "Ash" Mufareh ("Ash Mufareh"), for allegedly engaging in the fraudulent and unregistered offer and sales of securities associated with a multi-level marketing ("MLM") program.

The Complaint alleges that beginning in July 2018, ONPASSIVE and Ash Mufareh have purported to be developing a digital marketing platform that evolved into a suite of computer applications using artificial intelligence ("AI") that would seamlessly interface with one another in a single "ecosystem." It further alleges that interested parties would make a one-time purchase of a product and pay a monthly subscription fee to use the suite of products; persons purchasing the product would then have the choice to voluntarily sign up for ONPASSIVE's "Reseller Program." Allegedly, "Resellers" could sell ONPASSIVE products and earn a commission from subsequent purchases. While no pay structure has yet been implemented, the Complaint alleges that customers would automatically be placed in a hierarchical structure in which they are eligible to receive as a "commission" a portion of monthly subscription fees paid by those placed below them in the hierarchy. From July 2018 until June 22, 2022, ONPASSIVE and Ash Mufareh allegedly offered interested parties the opportunity to buy a membership to ONPASSIVE's initial community, called "Founders," in advance of product rollout, and their making a product purchase, by making a one-time $97 payment. Allegedly, persons taking advantage of this "early bird" promotion would be placed "higher" in the alleged payment hierarchy than those waiting to make a product purchase after product rollout. While each "Founder" could recruit others, ONPASSIVE and Ash Mufareh allegedly represented that they would recruit interested parties to join the structure. The Complaint alleges that the interests in the ONPASSIVE offering constitute a security.

Defendants deny that the opportunity to become a Founder was a security and that they either sold or issued securities. Defendants believe that Founders did not make an investment in ONPASSIVE, did not acquire ownerships interests in exchange for their payments, and were not compensated based solely on the efforts of others. Instead, according to Defendants, Founders received tangible benefits, including access to ONPASSIVE's exclusive portal ("Back Office"), the ability to attend webinars and trainings, opportunities to be involved with

3

the development and early testing of ONPASSIVE's software, and the opportunity to resell ONPASSIVE products and receive commissions on those sales.

The Complaint also alleges a fraud that consisted of ONPASSIVE purportedly operating as a "pyramid scheme," the making of material misrepresentations in support thereof, and the creation of websites containing allegedly false statements about ONPASSIVE. Ash Mufareh and, at his direction, ONPASSIVE are alleged to have made repeated material misrepresentations concerning, among other things, the timing of product launch, which would trigger "commission" payments, and the soundness and legality of their operations. In 2019, the Company and Ash Mufareh allegedly created websites mimicking the names and logos of existing third-party MLM review websites on which to post internally-generated reviews of ONPASSIVE and Ash Mufareh. The alleged plan was to pass the websites off as objective third-party reviews, thereby purportedly countering negative reviews alleged to exist on other third-party MLM review websites.

Defendants deny that ONPASSIVE is a pyramid scheme and that they made fraudulent statements. According to Defendants, ONPASSIVE is a legitimate business that offered Founders access to tangible benefits with a realistic opportunity to earn income through a legitimate multi-level marketing structure. Defendants' position is that the allegedly fraudulent statements constitute non-actionable corporate optimism, forward-looking statements, and opinions. To the extent any of the alleged misstatements fall outside of those categories – and Defendants contend that they do not – Defendants' deny that they had any intent to mislead such that their statements would be actionable under the securities laws.

The Complaint alleges that as of March 2023, the Company purported to have received over $108 million from over 1.12 million participants, each paying $97 to become Founders in advance of product rollout. In November 2022, ONPASSIVE and Ash Mufareh made available four applications free of charge. The Complaint further alleges that as of March 2023, it had yet to launch commercially other previously proposed applications and start the Reseller Program.

Defendants contend that ONPASSIVE's Founders have had continuous access to ONPASSIVE's exclusive portal, live webinars and trainings, and other benefits, and that ONPASSIVE made a business decision not to charge users for its first-released products. In September 2023, ONPASSIVE launched its first for-pay product, a videoconferencing application.

Defendants deny that they have engaged in the sale of securities, that ONPASSIVE was a pyramid scheme, and that they made fraudulent statements.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent to reference of this action to a Magistrate Judge. The parties do consent to a Magistrate Judge presiding over discovery disputes.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: The parties anticipate the need to depose Onpassive programmers located in India.

C. Discovery should be conducted in phases:

☐ No.

5

☒ Yes; The parties agree that fact discovery will precede expert discovery.
The SEC proposes that additional fact discovery be allowed during the relief phase should a jury return a verdict of liability. The focus of fact and expert discovery will be on issues related to defendants' liability, while discovery during the relief phase will be focused on issues related to injunctive relief; disgorgement of ill-gotten gains; prejudgment interest on the amount of ill-gotten gains; the imposition of civil penalties; the imposition of an officer and director bar; and other relief.

Defendants object to deciding at this stage that additional discovery should be permitted for any relief phase and instead propose that such a decision be deferred until immediately prior to the commencement of a relief phase, if indeed such a relief phase is necessary. The liability phase of this case and any relief phase will involve overlapping issues such that there is unlikely to be a need for additional discovery. The SEC will be better positioned after the liability stage to identify whether there is in fact a need for additional, non-duplicative discovery that it has not already requested.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

10. **Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

11. **Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Gregory N. Miller*
Gregory N. Miller
Assistant Chief Trial Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
(202) 551-4469
millergn@sec.gov

*/s/ Michael J. Friedman*
Michael J. Friedman
Assistant Chief Trial Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
(202) 551-7977
friedmanmi@sec.gov

*/s/John E. Clabby*
John E. Clabby
CARLTON FIELDS, P.A.
4221 West Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607
(813) 223-7000
jclabby@carltonfields.com

*/s/ Jason A. Perkins*
Jason A. Perkins
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801
(407) 849-0300
jperkins@carltonfields.com

*/s/ Christopher Garcia*
Christopher Garcia
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1309
christopher.garcia@lw.com

*/s/ Alexis K. Godfrey*
Alexis K. Godfrey
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
alexis.godfrey@lw.com

*/s/ William O. Reckler*
William O. Reckler
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
william.reckler@lw.com