UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ASHRAF MUFAREH AND ONPASSIVE LLC a/k/a Gofounders and Ofounders,<br><br>Defendants, and<br><br>ASMAHAN MUFAREH<br><br>Relief Defendant. | No. 6:23-cv-01539-JSS-RMN |

**PLAINTIFF'S UNOPPOSED MOTION FOR
PARTIAL RELIEF FROM CASE MANAGEMENT ORDER
REGARDING ATTENDANCE AT MEDIATION**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") moves the Court for an order relieving it of the requirement in Paragraph (IV)(D)(3) of the Court's Case Management and Scheduling Order (Dkt No. 16) requiring "each party (and in the case of a corporate party, a corporate representative) with full authority to settle" to attend and participate in mediation in person. The parties are scheduled to participate in a mediation conference in this matter on May 10, 2024,

with Bradford D. Kimbro, Esq., Certified Mediator, at Holland & Knight in Tampa, Florida.

The rules and regulations governing the SEC as well as the SEC's policies require the five-member Commission to review and approve any settlement of litigation the SEC has commenced. Accordingly, the SEC is unable to comply with the Court's Order absent having the five-member Commission present for mediation. Consequently, the SEC requests the Court to allow the lead Trial Attorney litigating this case, Michael J. Friedman, along with Supervisory Trial Counsel Jim Carlson, to attend mediation in person on behalf of the SEC. Each of those lawyers will have full authority to negotiate a settlement that the SEC's Division of Enforcement will recommend to the Commission for approval.

Because of the unique statutes and rules that define the authority and obligations of the Commission and its staff, the SEC respectfully requests to be relieved of the portion of the Case Management Order requiring someone with full settlement authority to be present, as the SEC must in all cases for the reasons discussed below.

The SEC consists of five Commissioners, appointed by the President with the advice and consent of the Senate. *See* Section 4(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78d(a). Only the five Commissioners may authorize commencement of a securities enforcement action such as this one. Exchange Act § 21(d)(1), 15 U.S.C. § 78u(d)(1). Just as only the Commissioners may authorize an enforcement action, only the Commissioners, and not their staff,

have authority to settle such an action. *See* 17 C.F. R. § 202.50(f) ("In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may *discuss* with persons involved the disposition of such matters by consent, by settlement, or in some other manner") (emphasis added).

Because only the five Commissioners acting as a body may approve a settlement, it is impossible for the Commission to have a representative with binding authority to settle the case present at mediation. Both the Federal Rules of Civil Procedure and the federal courts have recognized the unique position that agencies of the federal government occupy when it comes to having a representative with binding authority present at settlement conferences. For example, the Advisory Committee Notes to the 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure discuss the status of government agencies attending pretrial conferences at which settlement may be discussed:

> The amendment of paragraph (9) should be read in conjunction with the sentence added to the end of subdivision (c), authorizing the court to direct that, in appropriate cases, a responsible representative of the parties be present or available by telephone during a conference in order to discuss possible settlement of the case. The sentence refers to participation by a party or its representative. Whether this would be the individual party, an officer of a corporate party, a representative from an insurance carrier or someone else would depend on the circumstances. *Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is a recommendation to the body or board with ultimate decision-*

*making responsibility.* The selection of appropriate representative should ordinarily be left to the party and its counsel.

Advisory Committee Notes to 1993 Amendments to Rule 16 of the Federal Rules of Civil Procedure (emphasis added).

The Federal Rules contemplate the exact situation the SEC faces here – the inability to have a person with "on-the-spot" settlement authority present. Furthermore, federal courts considering the issue have held that it is not always possible for federal government agencies to have a representative with binding authority present at settlement conferences. In *In re Stone,* 986 F.2d 898 (5th Cir. 1993), the Fifth Circuit held a standing district court order requiring federal government agencies to have representatives with full settlement authority present at all settlement conferences was an abuse of discretion.

While finding that the district court had the inherent power to manage its own docket and require the government to have a representative with full settlement authority "at least reasonably and promptly accessible" at pre-trial conferences, the Fifth Circuit also stated that "a district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order." *Id*. at 903 (footnote omitted).

In *Stone*, the U.S. Attorney General's Office objected to the district court order because, as the Commission does, it had regulations requiring that only certain officers (such as the Deputy Attorney General) could approve a settlement. The

4

*Stone* court found that the goal of centralized and consistent decision-making justified the regulations, and "given the insignificant interference with the operation of the courts, the district court abused its discretion in not respecting those regulations." *Id*. at 904.  The court also found that the district court should have considered "less drastic" alternatives prior to "as a last resort" requiring persons with authority to settle to attend a pre-trial conference. *Id*. at 905.

Judges in this district have previously granted similar motions. *See, e.g., SEC v. Spartan Securities Group, et al.,* Case No. 8:19-cv-00448-VMC, Dkt Nos. 49 and 50.  The Local Rules for the Middle District of Florida require only the attendance of "lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative." Local Rule 4.03(d).  The mediator has confirmed that the attendance of the SEC's lead attorney and the Supervisory Trial Counsel is satisfactory.

Because only the five Commissioners may approve any settlement of this case, the SEC is in a different posture than an individual party.  The SEC's representatives intend to attend and participate in the mediation in good faith.

For all of the aforementioned reasons, the Commission respectfully requests that it be permitted to attend mediation through the Trial Attorney assigned to this case and the Supervisory Trial Counsel, who will have full authority to negotiate a settlement to recommend to the Commission for approval.

## Local Rule 3.01(g) Certification

The undersigned conferred with counsel for the Defendants, who do not object to the relief sought in this motion.

Respectfully submitted,

*/s/ Michael J. Friedman*
Michael J. Friedman
N.Y. Bar No. 4297461
Trial Attorney
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
(202) 551-7977
friedmanmi@sec.gov

*Attorney for Plaintiff Securities and Exchange Commission*