## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

      v.

ASHRAF MUFAREH, ONPASSIVE
LLC, and ASMAHAN MUFAREH,

               Defendants.

Case No. 6:23-cv-1539-JSS-RMN

## DEFENDANTS' ANSWER AND DEFENSES TO
## AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL

Defendants Ashraf Mufareh and OnPassive LLC, and Relief Defendant Asmahan Mufareh (collectively, "Defendants"), hereby answer the Amended Complaint for Permanent Injunctive and Other Relief and Demand for a Jury Trial filed on November 6, 2023 (the "Amended Complaint") by Plaintiff Securities and Exchange Commission, set forth their defenses, and demand a trial by jury. Defendants deny all allegations contained in the Amended Complaint unless specifically admitted below. Defendants admit, deny, or answer the specific numbered allegations in the Amended Complaint as follows:[1]

---

[1] To the extent a response to any legal conclusion contained in any of the specific numbered allegation is required, Defendants deny the allegation.

## SUMMARY[2]

1.      The allegations in Paragraph 1 purport to characterize Plaintiff's cause of action and state legal conclusions to which no response is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants admit that in 2018, OnPassive was focused on developing an artificial intelligence-driven marketing tool and that the company later pivoted to developing a full suite of computer applications.  Defendants further admit that, at times, OnPassive had planned to deploy a multi-level marketing structure.  Defendants otherwise deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants deny the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.

7.      Defendants deny the allegations in Paragraph 7.

---

[2] The various headings and subheadings of the Amended Complaint are not allegations and thus do not require a response.  Defendants reproduce them in this Answer solely for convenience.  To the extent a response is required, Defendants deny any allegations contained in the headings and subheadings of the Amended Complaint.

8.      Defendants deny the allegations in Paragraph 8, except admit that, at times, OnPassive contemplated deploying a multi-level marketing structure to allow early adopters of OnPassive products ("Founders") the opportunity to earn commissions by facilitating sales of actual products.

9.      Defendants deny the allegations in Paragraph 9.

10.    The allegations in Paragraph 10 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 10.

11.    The allegations in Paragraph 11 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 11.

12.    The allegations in Paragraph 12 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 12.

13.    Defendants admit the allegations in Paragraph 13.

14.    Defendants admit that, as of March 2023, OnPassive had earned over $108 million from over 800,000 Founders who purchased Founders accounts.  Defendants otherwise deny the allegations in Paragraph 14.

15.    Defendants deny the allegations in Paragraph 15.

16.    Defendants admit the allegations in Paragraph 16.  Defendants further state that prior to June 30, 2023, Defendants had launched several

3

products, but elected not to charge a fee, which is common for startup companies.

17.    Defendants deny the allegations in Paragraph 17.

## SUMMARY OF VIOLATIONS

18.    The allegations in Paragraph 18 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 18.

19.    Defendants deny the allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

## DEFENDANTS

21.    Defendants admit that Mr. Mufareh is 50 years old, a resident of Orlando, Florida, and the co-founder and co-owner of OnPassive LLC. Defendants further admit that Mr. Mufareh is the Chief Executive Officer of OnPassive LLC.   The allegations in Paragraph 21 otherwise state legal conclusions to which no response is required.  Insofar as a response is required, Defendants otherwise deny the allegations in Paragraph 21.

22.    Defendants admit that the company has been known by the names "OnPassive," "Gofounders," and "Ofounders" since the company's founding. Defendants further admit that OnPassive LLC was established as a Florida limited liability company on November 19, 2018, was converted to a Delaware limited liability company effective October 4, 2021, and has maintained an

office in Orlando, Florida, since 2018. Defendants otherwise deny the allegations in Paragraph 22.

## RELIEF DEFENDANT

23.    Defendants admit that Mrs. Mufareh is 40 years old, a resident of Orlando, Florida, Mr. Mufareh's spouse, and the co-founder and co-owner of OnPassive LLC. Defendants otherwise deny the allegations in Paragraph 23.

## TERMS

24.    Defendants admit that Founders paid for access to the "Back Office," OnPassive's platform. Defendants otherwise deny the allegations in Paragraph 24.

25.    Defendants deny the allegations in Paragraph 25.

26.    Defendants deny the allegations in Paragraph 26.

27.    Defendants admit that the "Back Office" was OnPassive's non-public website and was accessible by Founders. Defendants otherwise deny the allegations in Paragraph 27.

28.    The allegations in Paragraph 28 state legal conclusions to which no response is required. Insofar as a response is required, Defendants admit that "e-book" refers to a digital composition posted to OnPassive's Back Office. Defendants otherwise deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

<u>**JURISDICTION AND VENUE**</u>

30.     The allegations in Paragraph 30 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 32.

<u>**FACTS**</u>

**I.      THE ONPASSIVE PYRAMID SCHEME**

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that e-Books were published on OnPassive's Back Office, and otherwise deny the allegations in Paragraph 39.

6

40.     Defendants admit that individuals registered as Founders could access OnPassive's Back Office.  Defendants also admit that certain Founders, including those in the "Leadership Council," disseminated OnPassive promotional materials on the internet.  Defendants otherwise deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants admit that Mr. Mufareh announced in a February 2020 webinar that OnPassive's target audience was being expanded to include anyone interested in using AI applications.  Defendants further state that insofar as the allegations in Paragraph 42 purport to discuss documents and other sources—including a February 2020 webinar—the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.  Defendants otherwise deny the allegations in Paragraph 42.

43.     Defendants admit that OnPassive employed a "Software as a Service model."  Defendants otherwise deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Insofar as the allegations in Paragraph 45 purport to quote documents and other sources—including an e-Book posted to OnPassive's Back Office in April 2019—the documents and sources speak for themselves, should

be considered as a whole, and provide only as stated therein.  Defendants otherwise deny the allegations in Paragraph 45.

46.   Insofar as the allegations in Paragraph 46 purport to discuss documents and other sources—including an e-Book posted to OnPassive's Back Office—the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.  Defendants otherwise deny the allegations in Paragraph 46.

47.   Insofar as the allegations in Paragraph 47 purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   Defendants otherwise deny the allegations in Paragraph 47.

48.   Insofar as the allegations in Paragraph 48 purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   Defendants otherwise deny the allegations in Paragraph 48.

49.   Defendants deny the allegations in Paragraph 49.

50.   Defendants admit that OnPassive permitted Founders to register prior to the commercial launch of OnPassive products, and could defer payment to a later date.  Defendants otherwise deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that OnPassive continued to accept $97 payments from Founders holding "free" accounts as of June 22, 2022. Defendants otherwise deny the remaining allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Insofar as the allegations in Paragraph 55 purport to discuss documents and other sources—such as websites—the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.  Defendants otherwise deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 59.

60.     Insofar as the allegations in Paragraph 60 purport to discuss documents and other sources—including promotional materials and live and recorded webinars posted to the Back Office—the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.  Defendants otherwise deny the allegations in Paragraph 60.

61.   Insofar as the allegations in Paragraph 61 purport to discuss documents and other sources—including a webinar broadcast on September 25, 2018—the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   Defendants otherwise deny the allegations in Paragraph 61.

62.   Insofar as the allegations in Paragraph 62 purport to discuss documents and other sources—including versions of an e-Book posted to OnPassive's Back Office from December 2021 through August 2022—the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   Defendants otherwise deny the allegations in Paragraph 62.

63.   Insofar as the allegations in Paragraph 63 purport to discuss documents and other sources—including a February 2020 posting to the Back Office —the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   Defendants otherwise deny the allegations in Paragraph 63.

64.   The allegations in Paragraph 64 state legal conclusions to which no response is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 67.

## II.    DEFENDANTS MADE MATERIAL MISREPRESENTATIONS IN FURTHERANCE OF THE PYRAMID SCHEME

68.     The allegations in Paragraph 68 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

Insofar as the allegations in Paragraph 70(a) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide

11

only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 70(a).

Insofar as the allegations in Paragraph 70(b) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 70(b).

Insofar as the allegations in Paragraph 70(c) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 70(c).

71.   The allegations in Paragraph 71 state legal conclusions to which no response is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 71.

72.   The allegations in Paragraph 72 state legal conclusions to which no response is required.   Insofar as a response is required, Defendants deny the allegations in Paragraph 72.

73.   Defendants deny the allegations in Paragraph 73.

Insofar as the allegations in Paragraph 73(a) purport to discuss documents and other sources, Defendants state that the documents and

12

sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(a).

Insofar as the allegations in Paragraph 73(b) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(b).

Insofar as the allegations in Paragraph 73(c) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(c).

Insofar as the allegations in Paragraph 73(d) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(d).

Insofar as the allegations in Paragraph 73(e) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide

only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(e).

Insofar as the allegations in Paragraph 73(f) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(f).

Insofar as the allegations in Paragraph 73(g) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(g).

Insofar as the allegations in Paragraph 73(h) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 73(h).

74.    Defendants deny the allegations in Paragraph 74.

75.    Insofar as the allegations in Paragraph 75 purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide

only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 75.

76.   Defendants admit that OnPassive retained an information technology outsourcing firm in September 2018 and subsequently hired in-house IT personnel.  Defendants further admit that OnPassive completed and launched an internet protocol address ("IP") tracker and a uniform resource locator ("URL") shortener by August 2020.  Defendants otherwise deny the allegations in Paragraph 76.

77.   Defendants deny the allegations in Paragraph 77.

78.   Defendants admit that, as of November 2022, four OnPassive applications were available to the public free of charge.  Defendants also admit that OnPassive has since made two additional applications available to the public, including the paid product O-Connect.  Defendants otherwise deny the allegations in Paragraph 78.

79.   The allegations in Paragraph 79 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 79.

80.   The allegations in Paragraph 80 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Insofar as a response is required, Defendants deny the allegations in Paragraph 82.

Insofar as the allegations in Paragraph 82(a) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 82(a).

Insofar as the allegations in Paragraph 82(b) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 82(b).

83.     Insofar as the allegations in Paragraph 83 purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

Insofar as the allegations in Paragraph 84(a) purport to discuss documents and other sources, Defendants state that the documents and

16

sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 84(a).

Defendants deny the allegations in Paragraph 84(b).

Defendants deny the allegations in Paragraph 84(c).

Insofar as the allegations in Paragraph 84(d) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 84(d).

Insofar as the allegations in Paragraph 84(e) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 84(e).

Insofar as the allegations in Paragraph 84(f) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.   To the extent a further response is required, Defendants deny the allegations in Paragraph 84(f).

Insofar as the allegations in Paragraph 84(g) purport to discuss documents and other sources, Defendants state that the documents and sources speak for themselves, should be considered as a whole, and provide only as stated therein.  To the extent a further response is required, Defendants deny the allegations in Paragraph 84(g).

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants admit that Mr. Mufareh, like any reasonable business owner, is aware that positive reviews may help businesses prosper. Defendants otherwise deny the allegations in Paragraph 87.

88.    Defendants deny the allegations in Paragraph 88.

89.    The allegations in Paragraph 89 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 89.

90.    The allegations in Paragraph 90 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 90.

## III.  DEFENDANTS ENGAGED IN THE UNREGISTERED OFFER AND SALE OF SECURITIES

91.    The allegations in Paragraph 91 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 91.

92.    Defendants admit that OnPassive earned over $108 million. Defendants otherwise deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    The allegations in Paragraph 94 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 95.

## IV.  DEFENDANTS AND RELIEF DEFENDANT ASMAHAN MUFAREH RECEIVED INVESTORS' FUNDS

96.    The allegations in Paragraph 96 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants admit that OnPassive earned over $108 million.  Defendants otherwise deny the allegations in Paragraph 96.

19

97.    The allegations in Paragraph 97 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 97.

98.    Defendants admit that Mr. and Mrs. Mufareh have spent money they received from OnPassive on certain personal expenses.  Defendants otherwise deny the allegations in Paragraph 98.

99.    The allegations in Paragraph 99 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 99.

**FIRST CLAIM FOR RELIEF**
**Unregistered Offers and Sales of Securities**
**in Violation of Securities Act Sections 5(a) and 5(c)**
**(Against Defendants Ashraf Mufareh and ONPASSIVE)**

100.    Defendants restate and reallege previous responses to Paragraphs 1, 10, 21-22, and 91-95.

101.    Defendants restate and reallege previous responses to Paragraphs 1-17, 24-29, and 32-63.  Defendants deny the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.   The allegations in Paragraph 104 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 104.

### SECOND CLAIM FOR RELIEF
### Fraud in Violation of Securities Act Sections 17(a)(1)-(a)(3) (Against Defendants Ashraf Mufareh and ONPASSIVE)

105.   Defendants restate and reallege previous responses to Paragraphs 1-17, 21-22, 24-29, and 33-99.

106.   The allegations in Paragraph 106 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 106.

Defendants restate and reallege previous responses to Paragraphs 1-17, 24-29, and 33-99.  The allegations in Paragraph 106(a) state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 106(a).

Defendants restate and reallege previous responses to Paragraphs 1, 11, 12, 37, 41, 46, 51, 52, 54, 57, 60, 63-80 and 84-90.  The allegations in Paragraph 106(b) state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 106(b).

Defendants restate and reallege previous responses to Paragraphs 1-17, 24-29, and 33-99.  Defendants deny the allegations in Paragraph 106(c).

107.   The allegations in Paragraph 107 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 107.

### THIRD CLAIM FOR RELIEF
**Fraud in Connection with the Purchase or Sale of Securities in Violation of Exchange Act Section 10(b) and Rules 10b-5(a) - (c) Thereunder**
**(Against Defendants Ashraf Mufareh and ONPASSIVE)**

108.   Defendants restate and reallege previous responses to Paragraphs 1-17, 21-22, 24-29, and 33-99.

109.   The allegations in Paragraph 109 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 109.

The allegations in Paragraph 109(a) state legal conclusions to which no response is required.  Insofar as a response is required, Defendants restate and reallege previous responses to Paragraphs 1-17, 24-29, and 33-99.  Defendants deny the allegations in Paragraph 109(a).

The allegations in Paragraph 109(b) state legal conclusions to which no response is required.  Insofar as a response is required, Defendants restate and reallege previous responses to Paragraphs 1, 11, 12, 37, 41, 46, 51, 52, 54, 57, 60, 63-80, and 84-90.  Defendants deny the allegations in Paragraph 109(b).

The allegations in Paragraph 109(c) state legal conclusions to which no response is required.  Insofar as a response is required, Defendants restate and

reallege previous responses to Paragraphs 1-17, 24-29, and 33-99.  Defendants deny the allegations in Paragraph 109(c).

110.   The allegations in Paragraph 110 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 110.

## FOURTH CLAIM FOR RELIEF
### Violation, as a Control Person, of Exchange Act Section 10(b) and Rule 10b-5(a) - (c) (Against Defendant Ashraf Mufareh)

111.   Defendants restate and reallege previous responses to Paragraphs 1-17, 21-22, 24-29, and 33-99.  Defendants further state that the allegations in Paragraph 111 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 111.

112.   The allegations in Paragraph 112 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 112.

113.   The allegations in Paragraph 113 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 113.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment (Against Relief Defendant Asmahan Mufareh)

114.   Defendants restate and reallege previous responses to Paragraphs 1-17, 21-23, 24-29, and 33-99.  Defendants further state that the allegations in Paragraph 114 state legal conclusions to which no response is required. Insofar as a response is required, Defendants deny the allegations in Paragraph 114.

115.   Defendants state that the allegations in Paragraph 115 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 115.

116.   The allegations in Paragraph 116 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 116.

117.   The allegations in Paragraph 117 state legal conclusions to which no response is required.  Insofar as a response is required, Defendants deny the allegations in Paragraph 117.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses with respect to the claims alleged in the Amended Complaint, incorporating by reference all of the preceding material.  Defendants do not admit that they have the burden of proof on the defenses listed below.  Defendants have not knowingly or

intentionally waived any applicable defenses and reserve the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter.  Defendants reserve the right to amend this Answer and/or its affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint, and each and every claim stated therein, fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint does not sufficiently plead that Defendants' alleged violations of the securities laws and/or the regulations promulgated thereunder caused any purported investors to suffer any losses.

### FOURTH AFFIRMATIVE DEFENSE

Defendants fully complied with applicable federal law and federal securities law.

## FIFTH AFFIRMATIVE DEFENSE

The conduct alleged in the Amended Complaint is beyond the scope of the federal securities laws, and the SEC does not have standing to bring these claims.

## SIXTH AFFIRMATIVE DEFENSE

The vast majority of the conduct alleged in the Amended Complaint occurred outside of the United States, and the SEC cannot establish jurisdiction over the extraterritorial conduct.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants have not made any untrue statement or omission of material fact, nor have they omitted to state any material fact necessary to make any challenged statements misleading.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have not acted with the requisite knowledge, scienter, and/or intent under the applicable federal securities laws and/or the regulations promulgated thereunder.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint fails due to a failure to include necessary parties.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff does not have statutory authority to obtain disgorgement from the Defendants of any alleged ill-gotten gains, as requested in the Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Any relief of disgorgement is barred because it does not constitute an appropriate remedy for an SEC enforcement action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiffs have failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and the purported causes of action contained therein, are barred because they have not been asserted within the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Relief Defendant Asmahan Mufareh.

## <u>JURY DEMAND</u>

Defendants respectfully demand a jury trial on all issues so triable.

## <u>REQUEST FOR RELIEF</u>

Therefore, Defendants respectfully request that this Court:

1.    Enter judgment in Defendants' favor and against Plaintiff;

2.    Dismiss all claims by Plaintiff with prejudice;

3.    Award OnPassive its attorneys' fees and costs to the extent permitted by law; and

4.    Grant Defendants such other and further relief as this Court deems just and proper.

Dated: September 10, 2024                    Respectfully submitted,


By */s/ Christopher Garcia*
    Christopher Garcia (*pro hac vice*)
    William O. Reckler (*pro hac vice*)
    Alexis K. Godfrey (*pro hac vice*)
    Alexander L. Mills (*pro hac vice*)
    LATHAM & WATKINS LLP
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200
    Facsimile:  (212) 751-4864
    christopher.garcia@lw.com
    william.reckler@lw.com
    alexis.godfrey@lw.com

    John E. Clabby
    Carlton Fields, P.A.
    4221 West Boy Scout Boulevard
    Suite 1000
    Tampa, Florida 33607
    (813) 223-7000
    Email: jclabby@carltonfields.com

    Jason A. Perkins
    Carlton Fields, P.A.
    200 S. Orange Avenue, Ste. 1000
    Orlando, Florida 32801
    (407) 849-0300
    Email: jperkins@carltonfields.com

    *Attorneys for Defendants*
    *Ashraf Mufareh, OnPassive LLC, and*
    *Asmahan Mufareh*