UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ASHRAF MUFAREH AND ONPASSIVE LLC,<br><br>Defendants, and<br><br>ASMAHAN MUFAREH<br><br>Relief Defendant. | No. 6:23-cv-01539-JSS-RMN |

**JOINT MOTION TO EXTEND DISCOVERY AND OTHER DEADLINES**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission"), Defendants Ashraf Mufareh ("Mufareh") and ONPASSIVE LLC ("ONPASSIVE") (collectively, "Defendants"), and Relief Defendant Asmahan Mufareh ("Relief Defendant") (collectively, the "Parties") respectfully submit this joint motion under Federal Rule of Civil Procedure 16(b)(4) requesting that the Court extend discovery and other deadlines for six months for good cause shown. In support of this joint motion, the Parties state as follows:

## BACKGROUND

The SEC filed the Complaint (Dkt No. 2) on August 11, 2023, and filed the Amended Complaint on November 6, 2023 (Dkt No. 26). The Amended Complaint alleges that the Defendants violated the federal securities laws by engaging in the fraudulent and unregistered offering of securities and that Relief Defendant was unjustly enriched by receiving the proceeds from the same. Defendants deny all claims alleged against them.

On October 10, 2023, the Parties jointly submitted a Uniform Case Management Report in which they noted that depositions may be taken in India, which may require requests for the Court to issue Letters Rogatory to the Indian Central Authority. The Parties stated that ONPASSIVE would take all necessary steps to obviate the need for Letters Rogatory including by making employees available for depositions to the extent possible. However, the Parties noted that "the fact discovery deadline may need to be extended." (Dkt No. 15 at n.1.) On October 11, 2023, the Court issued the Case Management and Scheduling Order (Dkt No. 16) (the "Scheduling Order") under which discovery was to be completed by December 2, 2024, and trial would begin June 2, 2025.

On August 27, 2024, the Court issued an Order denying Defendants' and Relief Defendant's motion to dismiss the Amended Complaint (Dkt No. 40). The Court's Order required the Defendants and Relief Defendant to respond to the Amended Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A). The

2

Defendants and Relief Defendant filed an Answer to the Amended Complaint on September 10, 2024.

## ARGUMENT

District courts have "broad discretion over the management of pretrial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). A district court "clearly has the discretion to extend or modify deadlines within a case management and scheduling order to enlarge the discovery period." *Gadsby v. Am. Golf Corp. of California*, 2012 WL 2368568, at *1 (M.D. Fla. June 21, 2012). Rule 16's "good cause" showing permits modification of a scheduling order where "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

There is good cause to extend the existing discovery and other deadlines for six months under the circumstances present here. The Parties have diligently pursued discovery, including exchanging initial disclosures and serving and responding to document requests, interrogatories, and deposition notices. The Parties have also met and conferred to resolve discovery disputes on several occasions. Despite these efforts, the Parties agree that an extension of the deadlines is necessary to complete fact and expert discovery in this case. This is so largely because of the issues previewed in the Uniform Case Management Report, namely that due to the fact that certain witnesses

and evidence are located in India the Parties require additional time to complete discovery. (Dkt No. 15 at n.1.)

Specifically, the Parties have not yet reached agreement about the potential depositions of up to 14 foreign-located witnesses (many former employees of ONPASSIVE affiliate entities), many of which will require the issuance of Letters of Request to India and could take several months for India to process. For each of the foreign-located witnesses whose depositions may be necessary, it will take additional time to resolve the proper legal authority and process by which to achieve this discovery. Thus, it is not likely that the depositions will be completed by the current discovery deadline of December 2, 2024.

Significant document discovery is also still pending including, among other things, critical software code in the possession of the Defendants which is located overseas. This core evidence is necessary before the Parties can take certain depositions and disclose expert reports.

Finally, there may be a need for additional discovery after service of the responsive pleadings by the Defendants and the Relief Defendant, which included identification of affirmative defenses and answers to the factual allegations in the Amended Complaint.

Accordingly, the Parties propose the following extension of the discovery deadlines, along with corresponding adjustments to the other deadlines:

| Event | Current Deadline | Extended Deadline |
|---|---|---|
| Disclosure of Plaintiff's Expert Reports | October 1, 2024 | April 1, 2025 |
| Disclosure of Defendants' Expert Reports | November 4, 2024 | May 5, 2025 |
| Discovery Deadline | December 2, 2024 | June 2, 2025 |
| Dispositive Motions Deadline | January 6, 2025 | July 1, 2025 |
| Meeting in Person Deadline | April 17, 2025 | October 17, 2025 |
| Joint Final Pretrial Statement | April 21, 2025 | October 21, 2025 |
| Pre-trial Motions Deadline | April 28, 2025 | October 28, 2025 |
| Objections to Counter-designations | May 5, 2025 | November 5, 2025 |
| Final Pre-trial Conference | May 20, 2025 | November 20, 2025 |
| Trial Term Begins | June 2, 2025 | December 1, 2025 |

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel conferred over the contents of this Joint Motion to Extend Discovery and Other Deadlines, and all Parties agree on the relief sought.

## CONCLUSION

For all the foregoing reasons, Plaintiff SEC, Defendants Ashraf Mufareh and ONPASSIVE LLC, and Relief Defendant Asmahan Mufareh jointly request that the Court extend the discovery and other deadlines by six months as set forth herein.

Respectfully submitted,

*/s/ Michael J. Friedman*
Michael J. Friedman
Trial Attorney
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-7977
friedmanmi@sec.gov

/s/ Devon L. Staren
Devon L. Staren
Trial Attorney
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
(202) 551-5346
starend@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

/s/ Christopher Garcia
Christopher Garcia
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1309
christopher.garcia@lw.com

/s/ Alexis K. Godfrey
Alexis K. Godfrey
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
alexis.godfrey@lw.com

/s/ Alex Mills
Alex Mills
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Alex.mills@lw.com

/s/ William O. Reckler
William O. Reckler
LATHAM & WATKINS LLP
1271 Avenue of the Americas

New York, NY 10020
(212) 906-1200
william.reckler@lw.com

<u>/s/John E. Clabby</u>
John E. Clabby
CARLTON FIELDS, P.A.
4221 West Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607
(813) 223-7000
jclabby@carltonfields.com

<u>/s/ Jason A. Perkins</u>
Jason A. Perkins
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801
(407) 849-0300
jperkins@carltonfields.com

*Attorneys for Defendants Ashraf Mufareh and ONPASSIVE LLC and Relief Defendant Asmahan Mufareh*