# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ASHRAF MUFAREH, ONPASSIVE LLC, and ASMAHAN MUFAREH,

    Defendants.

Case No. 6:23-cv-1539-JSS-RMN

## DEFENDANTS' TIME-SENSITIVE MOTION TO SPLIT TIME EVENLY AT THE DEPOSITION OF THIRD-PARTY WITNESS JEFFREY MORLOCK

Pursuant to Federal Rule of Civil Procedure 30(d)(1), Defendants Ashraf Mufareh and OnPassive LLC and Relief Defendant Asmahan Mufareh (together, "Defendants"), by and through their undersigned counsel, hereby file this Time-Sensitive Motion to Split Time Evenly at the Deposition of Third-Party Witness Jeffrey Morlock scheduled for Tuesday, January 21, 2025, such that the SEC and Defendants are each entitled to 3.5 hours of questioning. Because the deposition is scheduled to take place in less than two weeks, Defendants respectfully request that the Court treat the Motion as time-sensitive, such that a ruling may be issued by Friday, January 17, 2025, before the holiday weekend. As grounds in support of the Motion, Defendants state as follows:

1. On December 17, 2024, the SEC and Defendants (together, the "Parties") jointly selected January 21, 2025, as the date most convenient to depose third-party witness Jeffrey Morlock.

2. On December 18, 2024, the SEC served Mr. Morlock with a Subpoena to Testify at a Deposition in a Civil Action on January 21, 2025, and provided Defendants notice of the same.

3. On January 7, 2025, Defendants served Mr. Morlock with a Subpoena to Testify at a Deposition in a Civil Action on January 21, 2025, and provided the SEC notice of the same. Defendants proposed dividing the deposition time evenly between the Parties, and offered to yield any extra time to the SEC because it served its subpoena first. *See* Ex. A at 5 (Email from L. Franzek to D. Staren (January 7, 2025)).

4. On January 8, 2025, the SEC refused to "limit [its] deposition to 3.5 hours." *Id.* (Email from D. Staren to L. Franzek (January 8, 2025)).

5. In response, Defendants explained that when both parties to a litigation seek to depose the same witness, generally accepted practice is that they split the time evenly or agree in advance on some other allocation. *Id.* at 4 (Email from. L. Franzek to D. Staren (January 8, 2025)).

6. The SEC then asserted it was "entitled to 7 hours under the rules" but "might be able to agree to reserve 2 hours" for Defendants' questions. *Id.* (Email from D. Staren to L. Franzek (January 8, 2025)).

7. On January 9, 2025, Defendants offered to take three hours, leaving the SEC with four hours, explained that the SEC had already questioned Mr. Morlock under oath during its investigation, and that Defendants required more than two hours, as it was their first opportunity to question him. *Id.* at 3 (Email from L. Franzek to D. Staren (January 9, 2025)).

8. On January 9, 2025, the SEC refused to yield and instead proposed that if the deposition were extended to eight hours (above the presumptive seven-hour limit set by Civil Procedure 30(d)(1)), it would be willing to take five hours for the deposition, leaving three hours for Defendants' questioning. *Id.* (Email from D. Staren to L. Franzek (January 9, 2025)).

9. On January 9, 2025, Defendants rejected the SEC's proposal and renewed their offer to allocate four hours of questioning to the SEC and three hours of questioning to Defendants. *Id.* at 2 (Email from L. Franzek to D. Staren (January 9, 2025)).

10. On January 10, 2025, the SEC again refused to back off its demand for five hours of testimony from Mr. Morlock, and represented that it "undertook the effort to contact Mr. Morlock" and that he "agreed to start at 9am [sic] and stay later in order to accommodate both of our time requests for the deposition." *Id.* at 1 (Email from D. Staren to L. Franzek (January 10, 2025)).

11. Later on January 10, 2025, Defendants also contacted Mr. Morlock. He explained that the SEC told him (i) that he was required by law to sit for *two* separate depositions of seven hours each, for a total of 14 hours of questioning; but (ii) that if he agreed to start the deposition earlier, it could be completed in one day with less than 14 hours of testimony. Mr. Morlock also explained that he agreed to arrive early in the spirit of cooperation, and because he believed that otherwise he would have to provide up to 14 hours of testimony.

12. Defendants now seek the Court's intervention under Federal Rule 30(d)(1), which presumptively limits a deposition to a single day of seven hours. *See also* Middle District of Florida Discovery Handbook, II.A.1 ("Rule 30(d)(1) limits a deposition to one day of seven hours unless otherwise authorized by the Court or stipulated by the parties.").

13. ***First***, when parties cross-notice the deposition of a third party, it is widely accepted practice for parties to agree to an allocation of time to question the witness. Despite Defendants' efforts to find a compromise—including offers to yield any leftover time to the SEC or to give the SEC four of the seven hours—the SEC has refused to agree to an allocation that permits Defendants sufficient time to question Mr. Morlock under oath.

14. ***Second***, Defendants respectfully submit that Mr. Morlock, a third-party witness who is 65 years old, should not be deposed for more than the

maximum amount of time contemplated under Federal Rule of Civil Procedure 30(d)(1), which specifies the same time limit for depositions of even party witnesses.

15. **_Third_**, the SEC has already obtained sworn testimony from Mr. Morlock as part of its pre-litigation investigation. His testimony, which was taken under oath, lasted approximately three hours. The SEC has provided no persuasive justification for why it needs seven hours to conduct its second round of questioning.

16. **_Fourth_**, Defendants have never had the opportunity to question Mr. Morlock under oath, as they were not invited to participate in the SEC's initial questioning of Mr. Morlock. At a minimum, Defendants are therefore entitled to half of the allotted deposition time.

17. **_Fifth_,** the SEC's suggestion that the time for Mr. Morlock's deposition be extended past seven hours does not resolve the issue. Not only does it prejudice the non-party by requiring him to sit for additional hours of questioning, but the SEC offers no good explanation as to why it should be entitled to more than half of the total time regardless of how long that may be.

18. For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion and enter an order that the Parties must split the time evenly at the deposition of third-party witness Mr. Morlock.

19. Because Mr. Morlock's deposition is scheduled for Tuesday, January 21, 2025, Defendants respectfully request a ruling by Friday, January 17, 2025, before the holiday weekend.

20. WHEREFORE, the Defendants respectfully request that Defendants' Time-Sensitive Motion to Split Time Evenly at the Deposition of Third-Party Witness Jeffrey Morlock be GRANTED and/or that the Court grant other and further relief the Court deems just and proper.

Dated: January 10, 2025         Respectfully submitted,

By */s/ Christopher Garcia*
    Christopher Garcia (*pro hac vice)*
    William O. Reckler (*pro hac vice*)
    Alexis K. Godfrey (*pro hac vice*)
    Alexander L. Mills (*pro hac vice*)
    LATHAM & WATKINS LLP
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200
    Facsimile: (212) 751-4864
    christopher.garcia@lw.com
    william.reckler@lw.com
    alexis.godfrey@lw.com
    alex.mills@lw.com

John E. Clabby
Carlton Fields, P.A.
4221 West Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607
(813) 223-7000
Email: jclabby@carltonfields.com

Jason A. Perkins
Carlton Fields, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801
(407) 849-0300
Email: jperkins@carltonfields.com

*Attorneys for Defendants*
*Ashraf Mufareh, OnPassive LLC, and*
*Asmahan Mufareh*

7

## LOCAL RULE 3.01 CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, the undersigned counsel certifies that it has conferred by email with opposing counsel in a good faith attempt to resolve the foregoing dispute without judicial intervention and that counsel for the parties were unable to agree on a resolution of the dispute or this motion.

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on January 10, 2025, the foregoing document was served electronically to all parties of record via the Clerk of Court's CM/ECF system.

                                       /s/ Christopher Garcia
                                       CHRISTOPHER GARCIA

                                       *Attorney for Defendants*
                                       *Ashraf Mufareh, OnPassive LLC, and*
                                       *Asmahan Mufareh*