# Exhibit A

| | |
|---|---|
| **From:** | Staren, Devon <StarenD@sec.gov> |
| **Sent:** | Friday, January 10, 2025 2:05 PM |
| **To:** | Franzek, Lydia (NY); Friedman, Michael |
| **Cc:** | Garcia, Christopher (NY); Reckler, William (NY); Mills, Alexander (NY); Kurzydlowski, Amanda (NY); Zimmerman, Genevieve (NY); jperkins@carltonfields.com; jclabby@carltonfields.com |
| **Subject:** | RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock |

Counsel,

We just wanted to let you know that we undertook the effort to contact Mr. Morlock ourselves and he has agreed to start at 9am and stay later in order to accommodate both of our time requests for the deposition. If you agree to these arrangements, please let us know so that we can modify the subpoena and our travel arrangements. If you insist on filing your motion, please ensure that you inform the Court of this notice.

Thanks,
Devon

**From:** Staren, Devon
**Sent:** Friday, January 10, 2025 12:55 PM
**To:** Lydia.Franzek@lw.com; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Christopher.Garcia@lw.com; William.Reckler@lw.com; Alexander.Mills@lw.com; Amanda.Kurzydlowski@lw.com; Genevieve.Zimmerman@lw.com; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Lydia,

As noted, we disagree. However, if you would like to send us any authority for your position by COB today, we're happy to take a look.

Thanks,
Devon

**From:** Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Sent:** Friday, January 10, 2025 11:41 AM
**To:** Staren, Devon <StarenD@sec.gov>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Christopher.Garcia@lw.com; William.Reckler@lw.com; Alexander.Mills@lw.com; Amanda.Kurzydlowski@lw.com; Genevieve.Zimmerman@lw.com; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Devon,

The SEC cannot unilaterally decide that it is entitled to more than half the deposition time allowed under the Federal Rules and Local Rules. Nor can the SEC unilaterally place the burden on Defendants to resolve the SEC's desire for more time than that to which it is entitled. And, of course, Mr. Morlock is not under any obligation to voluntarily sit for more than a seven-hour deposition. Our point in raising that you have already questioned Mr. Morlock under oath is that this prior questioning should enable you to efficiently conduct his deposition on January 21.

We are clearly at an impasse and will be filing our motion this morning, attaching this correspondence so that the Court understands why its intervention is necessary.

Best,
Lydia

**Lydia Franzek**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4643

---

**From:** Staren, Devon <StarenD@sec.gov>
**Sent:** Friday, January 10, 2025 9:20 AM
**To:** Franzek, Lydia (NY) <Lydia.Franzek@lw.com>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Garcia, Christopher (NY) <Christopher.Garcia@lw.com>; Reckler, William (NY) <William.Reckler@lw.com>; Mills, Alexander (NY) <Alexander.Mills@lw.com>; Kurzydlowski, Amanda (NY) <Amanda.Kurzydlowski@lw.com>; Zimmerman, Genevieve (NY) <Genevieve.Zimmerman@lw.com>; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Lydia,

I am not sure what the disagreement is here.  We noticed this deposition more than 3 weeks ago.  Although the rules provide for 7 hours of deposition time, when you cross-noticed the deposition this week, we agreed, in the interest of cooperation, to grant you 2 of those 7 seven hours.  We are reserving 5 hours because we believe we need that time to depose this important witness.  In addition, we also agreed to stipulate to an additional hour of deposition time, to allow you the full 3 hours that you indicated you needed.  And if you now think you need 4 hours, we're willing to stipulate to that too.

In order to preserve judicial resources, we suggested that you approach the witness to get his agreement to stay an additional hour (or two, if that is what you now think you need).  We also told you that we won't object to you approaching the court to ask for additional time if that is how you prefer to handle it.  You have chosen to do neither.   Instead, you have threatened to file a contested motion to ask the Court to deprive the SEC of 1.5 hours of time to depose an important witness, under the guise of obtaining deposition time that the SEC has already agreed to.   If you move forward with that motion, we will oppose and reserve our rights to seek whatever remedies might be appropriate for what we believe to be a waste of resources.

Thanks,
Devon

---

**From:** Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Sent:** Thursday, January 9, 2025 2:51 PM
**To:** Staren, Devon <StarenD@sec.gov>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Christopher.Garcia@lw.com; William.Reckler@lw.com; Alexander.Mills@lw.com; Amanda.Kurzydlowski@lw.com; Genevieve.Zimmerman@lw.com; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Devon:

Your suggestions are plainly unacceptable.  Unless you can agree by 10 a.m. ET tomorrow that the SEC takes four hours and Mr. Mufareh takes just three, we plan to seek the Court's intervention, at which point we will ask that the Court split the time evenly between the parties.

Best,
Lydia

**Lydia Franzek**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4643

---

**From:** Staren, Devon <StarenD@sec.gov>
**Sent:** Thursday, January 9, 2025 10:26 AM
**To:** Franzek, Lydia (NY) <Lydia.Franzek@lw.com>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Garcia, Christopher (NY) <Christopher.Garcia@lw.com>; Reckler, William (NY) <William.Reckler@lw.com>; Mills, Alexander (NY) <Alexander.Mills@lw.com>; Kurzydlowski, Amanda (NY) <Amanda.Kurzydlowski@lw.com>; Zimmerman, Genevieve (NY) <Genevieve.Zimmerman@lw.com>; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Lydia,

The testimony that the SEC took during the investigation was not a deposition and does not count as a deposition under the federal rules. There are numerous reasons why we believe we need 5 hours to depose him, including the fact that thousands of materials that have been produced to us since his testimony was taken, including the more than 12,000 items that he produced. Nonetheless, as I mentioned earlier, while 7 hours is the default amount of time provided for depositions, the rules provide that the parties may stipulate or approach the Court to obtain additional time. You have indicated that you would be satisfied with 3 hours of time. It may be simpler to ask Mr. Morlock if he would be willing to stay an additional hour. If he agrees, we are happy to stipulate to more time to provide you with 3 hours. If you prefer to go to the Court, that is fine too. We will not oppose a request for an additional hour of time for you to depose Mr. Morlock.

Thanks,
Devon

---

**From:** Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Sent:** Thursday, January 9, 2025 10:02 AM
**To:** Staren, Devon <StarenD@sec.gov>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Christopher.Garcia@lw.com; William.Reckler@lw.com; Alexander.Mills@lw.com; Amanda.Kurzydlowski@lw.com; Genevieve.Zimmerman@lw.com; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Devon,

As you know, this will be Mr. Mufareh's first opportunity to question Mr. Morlock, while the SEC has already deposed him once. So, your suggestion that the SEC will take five hours of this second deposition, leaving Mr. Mufareh only two, is untenable. In an effort to compromise, we can agree to a division of the time for this witness where the SEC takes four hours and Mr. Mufareh takes just three. If the SEC will not agree, we will seek guidance from the Court.

Best,
Lydia

**Lydia Franzek**

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4643

---

**From:** Staren, Devon <StarenD@sec.gov>
**Sent:** Wednesday, January 8, 2025 6:12 PM
**To:** Franzek, Lydia (NY) <Lydia.Franzek@lw.com>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Garcia, Christopher (NY) <Christopher.Garcia@lw.com>; Reckler, William (NY) <William.Reckler@lw.com>; Mills, Alexander (NY) <Alexander.Mills@lw.com>; Kurzydlowski, Amanda (NY) <Amanda.Kurzydlowski@lw.com>; Zimmerman, Genevieve (NY) <Genevieve.Zimmerman@lw.com>; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Lydia,

As I mentioned below, we are entitled to 7 hours under the rules. While we might be able to agree to reserve 2 hours for you, it is likely we will need the full remaining 5 hours. If you think you will need more than 2 hours, FRCP 30(d)(1) provides that time can be extended by stipulation or by court order. In fact, the notes to the rules expressly provide that "in multi-party cases, the need for each party to examine the witness may warrant additional time." If you wish to approach the witness and ask him to consent to stay a little longer, in the event it is necessary, we are happy to stipulate to that. In the alternative, you may ask the Court for additional time, and we will not object to any such request.

Thanks,
Devon

---

**From:** Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Sent:** Wednesday, January 8, 2025 5:06 PM
**To:** Staren, Devon <StarenD@sec.gov>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Christopher.Garcia@lw.com; William.Reckler@lw.com; Alexander.Mills@lw.com; Amanda.Kurzydlowski@lw.com; Genevieve.Zimmerman@lw.com; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Devon,

Mr. Morlock is a third-party and neither the Federal Rules of Civil Procedure nor the local rules require him to sit for more than a single 7-hour deposition. When both parties to a litigation seek to depose the same witness, generally accepted practice is that they split the time evenly or agree in advance on some other allocation. We are available tomorrow if you would like to meet-and-confer further.

Best,
Lydia

**Lydia Franzek**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4643

---

**From:** Staren, Devon <StarenD@sec.gov>
**Sent:** Wednesday, January 8, 2025 2:47 PM
**To:** Franzek, Lydia (NY) <Lydia.Franzek@lw.com>; Friedman, Michael <FriedmanMi@SEC.GOV>
**Cc:** Garcia, Christopher (NY) <Christopher.Garcia@lw.com>; Reckler, William (NY) <William.Reckler@lw.com>; Mills, Alexander (NY) <Alexander.Mills@lw.com>; Kurzydlowski, Amanda (NY) <Amanda.Kurzydlowski@lw.com>; Zimmerman,

Genevieve (NY) <Genevieve.Zimmerman@lw.com>; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** RE: SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Hi Lydia,

We have no objection to your cross notice of deposition on Jeffrey Morlock.  However, we do not agree to limit our deposition to 3.5 hours.  While it is possible that we do not use the entire amount of our allotted time, under FRCP 30(d)(1), we are entitled to use up to 7 hours.  We can't predict at this time how much of those 7 hours we will ultimately need, but you are welcome to use the balance of whatever time is left after we finish.  However, if you expect to need any significant amount of time, you may want to reach out to this witness to see if he is willing to stay longer that day, or whether he would prefer a separate deposition day.

Thanks,
Devon

**From:** Lydia.Franzek@lw.com <Lydia.Franzek@lw.com>
**Sent:** Tuesday, January 7, 2025 11:46 AM
**To:** Friedman, Michael <FriedmanMi@SEC.GOV>; Staren, Devon <StarenD@sec.gov>
**Cc:** Christopher.Garcia@lw.com; William.Reckler@lw.com; Alexander.Mills@lw.com; Amanda.Kurzydlowski@lw.com; Genevieve.Zimmerman@lw.com; jperkins@carltonfields.com; jclabby@carltonfields.com
**Subject:** SEC v. Mufareh, et al. - Notice of Deposition of J. Morlock

Devon, Michael:

Please find attached a notice of deposition and subpoena that we plan on serving on Jeffrey Morlock.  Given that you have already served him and set a date/time/location, we have conformed our subpoena to those logistics.  We anticipate that we will need several hours to question Mr. Morlock and thus propose that the deposition time be split evenly as between the SEC and Defendant.  As you served your subpoena first, we are happy to let the SEC start with its questioning.  If you prefer, we will start and to the extent we finish in less than 3.5 hours will yield any extra time to you.  Please let us know your preference so we can get this squared away in advance.

Best,
Lydia

**Lydia Franzek**

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.4643
Email: lydia.franzek@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal

information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

Confidentiality Notice: This e-mail message, including any attachments, from the U.S. Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon the message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

Confidentiality Notice: This e-mail message, including any attachments, from the U.S. Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon the message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

Confidentiality Notice: This e-mail message, including any attachments, from the U.S. Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon the message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

Confidentiality Notice: This e-mail message, including any attachments, from the U.S. Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon the message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

Confidentiality Notice: This e-mail message, including any attachments, from the U.S. Securities and Exchange Commission is for the exclusive use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, please do not read, distribute, or take action in reliance upon the message. If you have received this message in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.