# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

vs.

ASHRAF MUFAREH AND
ONPASSIVE LLC,

Defendants, and

ASMAHAN MUFAREH

Relief Defendant.

Case No. 6:23-cv-01539-JSS-RMN

**CONSENT OF DEFENDANT ONPASSIVE LLC**

1. Defendant OnPassive LLC ("Defendant") acknowledges having been served with the amended complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the amended complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of a final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] and Sections 5(a), 5(c), and 17(a) of the

1

Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], as provided in the Final Judgment;

 (b) permanently restrains and enjoins Defendant from directly or indirectly offering, operating, or participating in any marketing or sales program in which a participant is compensated or promised compensation solely or primarily (i) for inducing another person to become a participant in the program, or (ii) if such induced person induces another to become a participant in the program;

 (c) orders Defendant to pay disgorgement in the amount of **$26,220,364**, plus prejudgment interest thereon in the amount of **$1,218,528.40**; and

 (d) orders Defendant to pay a penalty in the amount of **$4,000,000** under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendant hereby undertakes and agrees to the following:

 (a) Defendant shall make good faith efforts to collect, or assist the Securities and Exchange Commission to collect, and repatriate OnPassive funds located in overseas, including funds held by affiliates of OnPassive; and

 (b) Defendant agrees that any such repatriated funds shall be applied against any remaining balance of the Final Judgment and that OnPassive shall have no right or claim to such funds until the balance of the Final Judgment has been paid in full.

4. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all

tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the amended complaint in this action.

5. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

3

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.

4

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the amended complaint in this action.

13. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the amended complaint or creating the impression that the amended complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the amended complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent,

5

Defendant hereby withdraws any papers filed in this action to the extent that it denies any allegation in the amended complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

OnPassive LLC

Dated: 6-27-25

By: _____
Ashraf Mufareh
CEO
9924 Universal Boulevard
Suite 500-529
Orlando, Florida 32819

On 6/27, 2025, Ashraf Mufareh, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of OnPassive LLC as its CEO.

With FL Driver license

Notary Public
Commission expires: 6/18/2026

JIA YI PENG
Notary Public
State of Florida
Comm# HH255442
Expires 6/18/2026

Approved as to form:

/s/ *Christopher Garcia*
Christopher Garcia
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1309
christopher.garcia@lw.com

/s/ *William O. Reckler*
William O. Reckler
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
william.reckler@lw.com

/s/ *Alexis K. Godfrey*
Alexis K. Godfrey
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
alexis.godfrey@lw.com

7

*/s/ Alexander L. Mills*
Alexander L. Mills
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Alex.mills@lw.com

*/s/ Lydia Franzek*
Lydia Franzek
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
lydia.franzek@lw.com

*/s/John E. Clabby*
John E. Clabby
CARLTON FIELDS, P.A.
4221 West Boy Scout Boulevard
Suite 1000
Tampa, Florida 33607
(813) 223-7000
jclabby@carltonfields.com

*/s/ Jason A. Perkins*
Jason A. Perkins
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Ste. 1000
Orlando, Florida 32801
(407) 849-0300
jperkins@carltonfields.com

*Attorneys for Defendant OnPassive LLC*