UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                     Case No: 6:23-cv-1539-JSS-RMN

ASHRAF MUFAREH, ONPASSIVE
LLC, and ASMAHAN MUFAREH,

      Defendants.
_____/

## ORDER

      Plaintiff, the Securities and Exchange Commission (SEC), has filed an unopposed motion for entry of final judgment (Dkt. 57), along with consents signed by Defendants Ashraf Mufareh and OnPassive LLC (Dkts. 57-1, 57-2) and the proposed final judgment (Dkt. 57-3).  Upon consideration, the motion (Dkt. 57) is **GRANTED**, the final judgment below is **ENTERED**, and the Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

## FINAL JUDGMENT

      The SEC having filed an amended complaint (Dkt. 26) and Defendants Ashraf Mufareh and OnPassive having entered general appearances, consented to the court's personal and subject matter jurisdiction, consented to entry of this final judgment without admitting or denying the allegations of the amended complaint except as to jurisdiction and except as otherwise provided herein, waived findings of fact and

conclusions of law, and waived any right to appeal from this final judgment, it is **ORDERED** that:

1.  Ashraf Mufareh and OnPassive are permanently restrained and enjoined from violating, directly or indirectly, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

    or by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about

    (a) any investment in or offering of securities,

    (b) the registration status of such offering or of such securities,

    (c) the prospects for success of any product or company,

    (d) the use of investor funds, or

(e) the misappropriation of investor funds or investment proceeds.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing also binds the following who receive actual notice of this final judgment by personal service or otherwise: (a) any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive; and (b) any other person in active concert or participation with Ashraf Mufareh, with OnPassive, or with any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive.

2.    Ashraf Mufareh and OnPassive are permanently restrained and enjoined from violating 15 U.S.C. § 77q(a) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor,

- 3 -

about

    (a) any investment in or offering of securities,

    (b) the registration status of such offering or of such securities,

    (c) the prospects for success of any product or company,

    (d) the use of investor funds, or

    (e) the misappropriation of investor funds or investment proceeds.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing also binds the following who receive actual notice of this final judgment by personal service or otherwise: (a) any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive; and (b) any other person in active concert or participation with Ashraf Mufareh, with OnPassive, or with any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive.

3.    Ashraf Mufareh and OnPassive are permanently restrained and enjoined from violating 15 U.S.C. § 77e(a) and (c) by, directly or indirectly, in the absence of any applicable exemption

    (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under 15 U.S.C. § 77h.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing also binds the following who receive actual notice of this final judgment by personal service or otherwise: (a) any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive; and (b) any other person in active concert or participation with Ashraf Mufareh, with OnPassive, or with any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive.

4.    Pursuant to 15 U.S.C. §§ 77t(b) and 78u(d)(1) and (5), Ashraf Mufareh and OnPassive are permanently restrained and enjoined from directly or indirectly offering, operating, or participating in any marketing or sales program in which a participant is compensated or promised compensation solely or primarily (i) for inducing another person to become a participant in the program or (ii) if such induced person induces another to become a participant in the program.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing also binds the following who receive actual notice of this final judgment by personal

service or otherwise: (a) any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive; and (b) any other person in active concert or participation with Ashraf Mufareh, with OnPassive, or with any officer, agent, servant, employee, or attorney of Ashraf Mufareh or OnPassive.

5.    Pursuant to 15 U.S.C. §§ 77t(e) and 78u(d)(2), Ashraf Mufareh is prohibited for a period of eight years from the entry of this final judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to 15 U.S.C. § 78*l* or that is required to file reports pursuant to 15 U.S.C. § 78o(d).

6.    The SEC's claim against Defendant Asmahan Mufareh for unjust enrichment under 15 U.S.C. § 78u(d)(5), (*see* Dkt. 26 at 42–43), is **DISMISSED with prejudice**.

7.    OnPassive is liable for disgorgement of **$26,220,364.00**, representing net profits gained as a result of the conduct alleged in the amended complaint, together with prejudgment interest thereon in the amount of **$1,218,528.40**.  In addition, pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3), OnPassive and Ashraf Mufareh shall each pay a civil penalty in the amount of **$4,000,000.00**.

Ashraf Mufareh shall satisfy his obligation by paying $4,000,000.00 to the SEC within ten days after entry of this final judgment, and OnPassive shall satisfy its obligation by paying $31,438,892.40 to the SEC within ninety days after entry of this final judgment.

Ashraf Mufareh and OnPassive may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Ashraf Mufareh and OnPassive may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter that identifies the case title, the civil action number, the name of this court, and Ashraf Mufareh's and/or OnPassive's names as Defendants in this action and that specifies that payment is made pursuant to this final judgment.

Ashraf Mufareh and OnPassive shall simultaneously transmit photocopies of evidence of payment and case-identifying information to the SEC's counsel in this action. By making these payments, Ashraf Mufareh and OnPassive relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned.

The SEC may enforce the court's judgment for disgorgement, prejudgment interest, and penalties by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt any time after ninety

days following entry of this final judgment against OnPassive and, for penalties, any time after ten days following entry of this final judgment against Ashraf Mufareh.

The SEC may enforce the court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001–3308, and moving for civil contempt for the violation of any court orders issued in this action.  Ashraf Mufareh shall pay post-judgment interest pursuant to 28 U.S.C. § 1961 on any amounts due from him after ten days following entry of this final judgment against him, and OnPassive shall pay post-judgment interest pursuant to 28 U.S.C. § 1961 on any amounts due from it after ninety days following entry of this final judgment against it.  The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the court.

The SEC may propose a plan to distribute the Fund subject to the court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The court shall retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an order of the court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this final judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Ashraf Mufareh

and OnPassive shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on OnPassive's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Ashraf Mufareh and OnPassive's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Ashraf Mufareh and OnPassive shall, within thirty days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either Ashraf Mufareh or OnPassive by or on behalf of one or more investors based on substantially the same facts as alleged in the amended complaint in this action.

8.     Ashraf Mufareh's consent (Dkt. 57-1) and OnPassive's consent (Dkt. 57-2) are incorporated herein with the same force and effect as if fully set forth herein. Ashraf Mufareh and OnPassive shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the following:

(a) Ashraf Mufareh and OnPassive shall make good-faith efforts to collect, or assist the SEC to collect, and repatriate OnPassive funds located overseas,

including funds held by affiliates of OnPassive; and

(b) Ashraf Mufareh and OnPassive agree that any such repatriated funds shall be applied against any remaining balance of the final judgment and that Ashraf Mufareh and OnPassive have no right or claim to such funds until the final judgment has been paid in full.

9.      Solely for purposes of exceptions to discharge set forth in 11 U.S.C. § 523, the allegations in the amended complaint are true and admitted by Ashraf Mufareh.  Further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Ashraf Mufareh under this final judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding is a debt for the violation by Ashraf Mufareh of the federal securities laws or any regulation or order issued under such laws, as set forth in 11 U.S.C. § 523(a)(19).

10.     The court retains jurisdiction of this matter for the purpose of enforcing this final judgment.

**ORDERED** in Orlando, Florida, on August 14, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 10 -